UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 05-5009RBL |
| v. | DETENTION ORDER |
| ROSIE MARIE COSTELLO, | |
| Defendant. | |

THIS COURT conducted a detention hearing on December 8, 2006 pursuant to 18 U.S.C. §3142. The United States of America was represented by Norman M. Barbosa. The defendant was present and represented by her attorney, Paula Olson. Also present was Julie Busic, U.S. Pretrial Services Officer.

This Court finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required. This finding is based on (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including those set forth in 18 U.S.C. §3142(g)(3)(A)(B); and (4) the nature and seriousness of the danger release would impose to any person or the community.

The parties proceeded at the hearing by way of proffer and argument. The court considered the following written documents: Motion for Detention Order (Dkt. #6), Memorandum in Support of Government's Motion for Detention (Dkt. #12) with Attachment A (a DVD), Defendant's Memorandum in Support of Conditions of Release (Dkt. #15), U.S. Pretrial Services Report, and Indictment (Dkt. #1).

The Government requested detention of the defendant based on serious risk the defendant will flee. At oral argument it also presented argument based on safety of the community.

### FINDINGS OF FACT

The defendant is charged in the Indictment in Count I with Conspiracy to Defraud the Government alleging a conspiracy beginning in or around August 1997 and continuing until in or around September 2006. Count II charges the defendant with Social Security Fraud - Concealing Events Affecting Rights to Benefits and in Count III with Social Security Fraud - False Statement for Determining Rights to Benefits. Count I carries a maximum penalty of 10 years imprisonment, a $250,000 fine, $100 special assessment and 3 years supervised release. Counts II and III carry a maximum penalty of 5 years imprisonment, a $250,000 fine, $100 special assessment and 3 years supervised release.

In support of its detention motion, the AUSA provided the court with a DVD which shows both defendants attending a meeting at a Social Security Office on January 31, 2006. At that meeting the defendant Rosie Costello continued to claim that the co-defendant Pete Costello was mentally retarded and therefore continued to be entitled to benefits. The co-defendant Pete Costello acted in an unresponsive manner and portrayed an individual with limited mental faculties. The DVD also contained a video taken of Pete Costello in a Vancouver video-courtroom in which Pete Costello represents himself in relation to a ticket for driving without valid proof of insurance. Pete Costello is responsive to the judge's inquiries and is quite capable of communicating in an intelligible fashion.

The DVD contradicts the defendants representations that Pete Costello is unable to care for himself, unable to drive and unable to communicate. In a post-arrest interview Rosie Costello admitted that Pete Costello is not mentally disabled and further stated that there was nothing wrong with him. The weight of the evidence against the defendants appears to be substantial. While this Court recognizes that the 9th circuit has taken the position that the weight of evidence against the defendants is the least important of the factors, it is an element to be considered in determining risk of flight as well as safety to the community.

Rosie Costello has also claimed benefits from Social Security on behalf of her daughter Marie based on mentally disability. The AUSA advised the court that the third person who appeared on the video taken at the Social Security Office and who pretended to be Marie was actually Pete Costello's girlfriend. Rosie

Costello admitted in a post-arrest interview that her daughter was not at the January 31, 2006 meeting and further that she had not seen Marie for some time.

Rosie Costello has resided in the Western District of Washington or in the Portland area for the majority of her life. Her "husband" and the father of her three children has family members who live in the Portland and Vancouver area and she maintains contact with them. She has not, however, seen her husband for quite some time and does not know where he resides. She has one brother and two sisters who reside in the Seattle area, one sister in California and one in Texas. She, however, has lived a transient life style. In the past 12 months Rosie Costello has moved at least five times and recently received an eviction notice for her current apartment. She has a history of living in apartments, not paying rent and then being evicted. Rosie Costello's other son Paul, who is not involved in this case, is in custody for charges relating to identity theft and theft in the first degree. It is interesting to note that the pre-trial services report makes mention of the fact that the case agent witnessed Rosie Costello dumping a trash bag full of identification documents into a dumpster. The court notes that Rosie Costello's close family members all appear to be involved in alleged fraudulent activities. She also has one known alias and that is a name she used in order to get a second social security number for her son Pete.

With regard to prior criminal history, Rosie Costello has none.

The defendant has no employment history.

For purposes of this hearing, this court finds that Rosie Costello presents a serious risk of flight. She leads a transient life style, she has limited ties with the community, she has no employment history, and she has a history and pattern of being evicted from her apartments for not paying rent and therefore defrauding landlords. Her family ties are of great concern as it appears that her strongest ties are with her two sons, one of which is her co-defendant, and her other son is presently in-custody on charges of identity theft and theft in the first degree. In addition, her son's girlfriend actively participated in the meeting at the Social Security office so she is clearly involved in the alleged fraudulent activity as well. Her history and actions raise serious concerns regarding credibility and reliability. It is this court's conclusion that Rosie Costello is a flight risk for all these reasons and that placement in a half way house would not be sufficient to ensure her appearance.

**ORDER OF DETENTION**

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant shall be afforded reasonable opportunity for private consultation with counsel.

The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 11th day of December, 2006.

    /s/ Karen L. Strombom
Karen L. Strombom
U.S. Magistrate Judge